IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br><br><br>vs.<br><br><br>BRADLEY GRANT KITCHEN, et al.,<br><br>Defendants. | MEMORANDUM DECISION AND ORDER DENYING EXPEDITED MOTION TO INTERVENE<br><br><br><br><br><br>Case No. 2:07-CR-895 TS |

This matter is before the Court on Movant-Intervenor Julie Bolick's Expedited Motion to Intervene.  For the reasons discussed below, the Motion must be denied.

Mrs. Bolick is the wife of Defendant David R. Bolick.  Mrs. Bolick seeks to intervene for the limited purpose of being heard at the evidentiary hearing on forfeiture which is currently set for March 23, 2009.  Mrs. Bolick argues, upon information and belief, that the government seeks forfeiture of millions of dollars worth of marital property from Defendant Bolick as substitute assets pursuant to 28 U.S.C. § 246 (c) and 21 U.S.C. § 853(p).  Mrs. Bolick argues that the government is not entitled to, and the Court should not order, that her interest in marital property be forfeited.  Mrs. Bolick seeks an opportunity to address the Court on this issue.

1

28 U.S.C. § 2461(c) provides:

If a person is charged in a criminal case with a violation of an Act of Congress for which the civil or criminal forfeiture of property is authorized, the Government may include notice of the forfeiture in the indictment or information pursuant to the Federal Rules of Criminal Procedure.  If the defendant is convicted of the offense giving rise to the forfeiture, the court shall order the forfeiture of the property as part of the sentence in the criminal case pursuant to the Federal Rules of Criminal Procedure and section 3554 of title 18, United States Code.  The procedures in section 413 of the Controlled Substances Act (21 U.S.C. § 853) apply to all stages of a criminal forfeiture proceeding, except that subsection (d) of such section applies only in cases in which the defendant is convicted of a violation of such Act.

21 U.S.C. § 853(k)(1) states: "Except as provided in subsection (n) of this section, no party claiming an interest in property subject to forfeiture under this section may intervene in a trial or appeal of a criminal cases involving the forfeiture of such property under this section." Based on the clear language of this provision, Mrs. Bolick's Motion must be denied.

21 U.S.C. § 853(n), coupled with Fed.R.Crim.P. 32.2, provides the proper procedure for determining the rights of third parties in forfeiture proceedings.  The Court must first determine that the property at issue is forfeitable under the applicable statute.[1]

If the court finds that property is subject to forfeiture, it must promptly enter a preliminary order of forfeiture setting forth the amount of any money judgment or directing the forfeiture of specific property *without regard to any third party's interest in all or part of it.  Determining whether a third party has such an interest must be deferred until any third party files a claim in an ancillary proceeding under Rule 32.2(c).*[2]

---

[1]Fed.R.Crim.P. 32.2(b)(1).

[2]*Id*. 32.2(b)(2) (emphasis added).

"At this stage the court does not—and, indeed, may not—determine the rights of any third parties who assert an interest in the property."[3]

Only when a preliminary order of forfeiture is issued does a third party "have an opportunity to assert their rights to the property in an 'ancillary proceeding' . . . which permits those who assert an interest in the property to file a petition seeking amendment of the preliminary forfeiture order to exclude their interest."[4]  The burden of proof is on the third party to demonstrate that he or she falls within one of the two categories of third party claimants described in 21 U.S.C. § 853(n)(6).   Thus, in order to succeed, the third party must prove by a preponderance of the evidence that either: (1) they had an interest in the property at the time of the offense that is superior to the government's interest; or (2) they acquired the interest after the offense as a bona fide purchaser for value.[5]  When the ancillary proceeding ends, the Court enters a final order of forfeiture, amending the preliminary order, if necessary, to account for third-party rights.[6]

The Court is cognizant of Mrs. Bolick's desire "to avoid the costs and time of ongoing litigation."[7]  However, the Court cannot disregard the plain language of Section 853(k)(1).  Moreover, considerations of judicial economy cannot overrule the procedure put in place by rule and statute to determine the rights of third parties in forfeiture proceedings.

---

[3]*United States v. Andrews*, 530 F.3d 1232, 1236 (10th Cir. 2008) (citing Fed.R.Crim.P. 32.2(b)(2)).

[4]*Id*; *see also* Fed.R.Crim.P. 32.2(c); 21 U.S.C. § 853(n).

[5]*Id*. § 853(n)(6).

[6]Fed.R.Crim.P. 32.2(c)(2).

[7]Docket No. 326, at 3.

It is therefore

ORDERED that the Expedited Motion to Intervene (Docket No. 325) is DENIED.  By
this Order, the Court makes no ruling on Mrs. Bolick's ability to file an petition pursuant to
Fed.R.Crim.P. 32.2(c) or the merits of any ancillary proceeding that may occur.

DATED   March 19, 2009.

BY THE COURT:

_____
TED STEWART
United States District Judge